VILLAGE OF SCHOFIELD and another, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Appellants.

*January 15—March 10, 1931.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*E. P. Gorman* of Wausau, for the appellant Valeria De Lisle.

*Orville W. Fehlhaber* of Wausau, for the appellant Wisconsin Valley Trust Company, guardian.

*Walter A. Graunke* of Wausau, district attorney, for the appellant Marathon County.

For the respondents there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by. *Mr. L. A. Pradt, Jr.*

FOWLER, J. The widow of John De Lisle filed a claim against the village of Schofield for her husband's death which the commission allowed. The village and its insurer brought action to review the proceedings and the circuit court vacated the award and remanded the case for further proceedings. The only controversy is whether De Lisle was in the employ of the village of Schofield or of Marathon county at the time of his death.

De Lisle was marshal of the village. Many burglaries had been committed in the village, the adjacent country, and

the city of Wausau. De Lisle found some burglar's tools and reported the matter to Schwister, a detective police officer of the city of Wausau, naming Trestor and John Doe as the persons in whose possession they were found. Schwister reported the matter to the district attorney of Marathon county, who drew up a complaint which Schwister swore to before the county judge, and the judge issued a warrant for the arrest of Trestor and John Doe and handed it to Schwister to serve. The offense charged is a felony. De Lisle knew of the issue of the warrant and some time after its issuance arrested Trestor and delivered him over to the sheriff. The day following this arrest Schwister got word of the whereabouts of Doe. He got Pope, a deputy sheriff who operated a taxicab, and the two went to the chief of police of Wausau to consult about the arrest. The chief directed Coerper, a police officer of the city of Wausau, to go with Schwister to aid in the arrest. Pope drove the two to Schofield, where they saw De Lisle on the street and he joined the party on Schwister's request. The four started out to find Doe and arrest him on the warrant. They eventually found him, and while making the arrest De Lisle was shot and killed and Coerper was shot and wounded. The warrant was directed to the sheriff or any constable of the county of Marathon. It was returned to the court on Trestor's arrest, the sheriff signing the return, which recited that he had made the arrest. By sec. 61.28, Stats., a village marshal possesses all of the powers of and is taken as included in all writs addressed to a constable, and by sec. 60.54 (6) it is a constable's duty to cause to be prosecuted all violations of law of which he has knowledge. By sec. 62.09 (13) a city policeman also possesses all powers of and is taken as included in all writs addressed to constables. Village marshals and city policemen are paid the statutory fees by the county for serving warrants.

Under the statutes cited it was the official duty of both De Lisle and Coerper to arrest John Doe under the warrant. That was as much their duty as it was the duty of the sheriff. The village and city authorities claim that their respective officers were acting for and thus in the employ of the county in serving a state warrant as distinguished from a warrant charging violation of an ordinance. It is also claimed by the village that De Lisle was not in the employ of the village because Schwister, either as employee of the county or the city, organized a posse to accomplish the arrest, and De Lisle was thus in the employ of Schwister's employer.

We consider that at the time of the shooting De Lisle and Coerper were in the employ of the respective municipalities in whose employ they regularly were, and performing service incident to their such employment. Each was in performance of duty incumbent on him to perform by virtue of his office; in performance of official duty owed to his immediate municipality. Each of the municipal units involved was as much interested as the other in effecting the arrest under the warrant. Each officer owed the duty to make the arrest for the protection of the people of his own immediate unit as well as for the protection of the people of the county and state. As said by the Industrial Commission in its decision, the fullest co-operation of the peace officers of all the municipal units is necessary for the most efficient enforcement of the criminal law. This is especially necessary in these days of organized banditry. The fact that the service was performed outside the municipal unit does not exempt the municipality from liability. The service is still incident to the employment. *Burlington v. Industrial Comm.* 195 Wis. 536, 539, 218 N. W. 816. The case of *Presque Isle v. Industrial Comm.* 200 Wis. 446, 228 N. W. 589, is directly to the proposition that a constable is

in the service of his town as distinguished from the county while attempting to arrest a man operating a still in his presence and against whom, to the knowledge of the constable, the sheriff holds a state warrant issued upon a charge of desertion, although it does not appear that it was there contended that the county was the party liable.

We do not consider that the four men were acting under a *posse comitatus*. This term implies the exercise of the power of the county by which the sheriff calls upon private citizens to aid him in preserving the peace or making an arrest. Here each person involved owed the duty he was performing without any call from the sheriff and without being empowered by him.

*By the Court.*—The judgment is reversed, with directions to enter judgment confirming the award of the Industrial Commission.