## ROBERT K. McFARLAND v. VILLAGE OF CARLTON AND OTHERS.[1]

December 9, 1932.

No. 29,109.

---

[1]Reported in 245 N. W. 630.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for relators.

*Orr, Stark, Kidder & Freeman* and *F. A. Duxbury,* for county of Carlton and Employers Mutual Liability Insurance Company, its insurer, respondents.

LORING, J.

The village of Carlton sued out this writ of certiorari to review a decision of the industrial commission awarding compensation to Robert K. McFarland, the respondent, who was at the time that he received certain gunshot wounds a duly elected, qualified, and acting constable of that village in which the injuries were received. It appears that the sheriff of Carlton county was about to make an arrest in the village of Carlton and asked McFarland to help him arrest two men who were at that time in a restaurant in the village. When the sheriff and McFarland sought to take these men into custody, one of them shot McFarland, inflicting the injuries for which he seeks compensation under the workmen's compensation act, which has been extended to cover constables and other peace officers "while engaged in the enforcement of peace or in and about the pursuit and capture of any person charged with or suspected of crime." G. S. 1923 (1 Mason, 1927) § 4326(g), subd. (1).

The controversy here is between the insurer of the village and that of the county, it being claimed by the village that McFarland was not acting as a constable at the time that he was wounded, but that he was called upon as any other private citizen might have been by the sheriff and was in reality an employe of the county of Carlton, and that the commission erred in awarding compensation against the village and the Maryland Casualty Company, its insurer. No other question is presented by the record.

436

We are of the opinion that the compensation act answers the principal question here presented, and that McFarland, as an official constable of the village, was protected by that act as against the village while he was engaged in the enforcement of peace and in the capture of persons suspected of crime. As official constable it was his duty to assist the sheriff in making arrests in the village; and the fact that neither the sheriff nor McFarland may have had it in mind that it was his official duty to do so makes no difference. It was not within McFarland's power nor that of the sheriff to lay aside McFarland's official status and place him in the role of a private citizen. That being the case, the village and its insurer are liable to McFarland under the compensation act.

It is contended by the relators that McFarland did not have the necessary information which would justify him in attempting to make the arrest independently of the call from the sheriff. We do not regard this as controlling.. As peace officer it was McFarland's duty to assist the sheriff when called upon, and this was part of his official duty, not merely his duty as a private citizen. In the case of Village of Schofield v. Industrial Comm. 204 Wis. 84, 235 N. W. 396, the supreme court of Wisconsin had a case before it where somewhat similar questions were involved. DeLisle was the marshal of the village of Schofield, and one Coerper was a police officer of the city of Wausau. DeLisle was killed, and Coerper was wounded while assisting a detective police officer of the city in making an arrest under a warrant issued by the county judge of the county in which the municipalities were located. The attempted arrest was made outside the village of Schofield. The court held that each officer owed the duty to make the arrest for the protection of the people of the county and state, and the fact that the service was performed outside the municipal unit of which DeLisle was marshal did not exempt it from liability. The service was still incident to his employment as marshal. We think the same reasoning applies here, and that McFarland could not be said to be acting merely as a private citizen. Certainly it would be unreasonable to require the sheriff, when about to make an arrest, in calling upon

a constable, to disclose to that officer all of the grounds necessary to authorize the constable himself to make the arrest as an independent matter. His duty to assist the sheriff we regard as one of his official duties, bringing him within the terms of the compensation act, although in making such arrests he may have been unjustified. Hall v. Tierney, 89 Minn. 407, 95 N. W. 219.

The writ of certiorari is discharged, and the decision of the industrial commission is affirmed.

[1]Reported in 245 N. W. 638.