## STANLEY DOBOSENSKI v. CARLTON COUNTY AND ANOTHER, VILLAGE OF MOOSE LAKE AND ANOTHER, RESPONDENTS.

157 N. W. (2d) 847.

March 29, 1968—No. 40,714.

*Hammer, Weyl, Halverson & Watters*, for relators.

*Burke & McKeon* and *P. A. Burke*, for respondent Dobosenski.

*Montague, Applequist, Lyons, Nolan, Donovan & Knetsch* and *Charles T. Barnes*, for other respondents.

SHERAN, JUSTICE.

Certiorari to review a decision of the Industrial Commission.

Stanley Dobosenski petitioned for benefits under the Workmen's Compensation Act for injuries which he claimed arose out of and in the course of his employment by the village of Moose Lake and Carlton County. The referee found that the injury arose out of and in the course of Dobosenski's employment with the county, but not out of his employment with the village. The Industrial Commission affirmed the findings of the referee. The county and its insurer seek review, contending that the commission erred in not finding the village to be an employer responsible for compensation. Our conclusion that the evidence does not require such a finding compels affirmance.

For several years the petitioner, Stanley Dobosenski, had been employed as a peace officer, sometimes by Carlton County and sometimes by the village of Moose Lake. At the time of the compensable injury, Dobosenski was aiding a deputy sheriff of the county in making an investigation.

For several years before the accident, Dobosenski had served as deputy marshal of the village of Moose Lake. He worked part-time, generally one day per week, filling in for the full-time marshal on his day off. On the days that Dobosenski worked, he would assume all the marshal's duties for a 24-hour period. These duties consisted of patrolling the town and enforcing the village ordinances. As a peace officer, he had statutory authority to make arrests in the village and beyond its jurisdictional limits when in fresh pursuit. Minn. St. 629.40; Smith v. Hubbard, 253 Minn. 215, 91 N. W. (2d) 756. He was paid approximately $16 per day by the village. Dobosenski had also been deputized by the sheriff of Carlton County. He did not have a regular work schedule in this capacity, but was called for service as needed. He was paid $5 for each assignment that he performed for the county.

On the day of the injury Dobosenski was on duty in Moose Lake, it being the marshal's day off. He received a call telling him of "trouble" on the Pontilla farm. Because the farm was about 2 miles from Moose Lake, and thus outside of his jurisdiction, he called the office of the sheriff of Carlton County. He was told that one of the sheriff's men would be dispatched to meet Dobosenski at a filling station in Moose Lake. Dobosenski did meet Deputy Sheriff Ralph Yojanson there and together they drove to the Pontilla farm in Yojanson's car. Arriving at the

farm, they remained in the car. Yojanson instructed Dobosenski to watch the barn while he watched the house. Yojanson then called to Pontilla with a loudspeaker. After 4 or 5 minutes some shots were fired at the car. As a result, Dobosenski sustained a compensable injury. Thereafter he submitted a claim and was paid $5 by the county for the work that he had done that day. He was also paid a full day's wages by the village.

This court in numerous cases has said that the existence of an employment relationship is a question of fact. This court's only function with regard to this issue is to determine whether the Industrial Commission's findings are reasonably supported by the evidence. Hagberg v. Colonial & Pac. Frigidways, Inc. 279 Minn. 396, 157 N. W. (2d) 33.

We feel that the evidence in the present case is sufficient to support the commission's findings.

There can be no doubt that Dobosenski was working for the county at the time of the injury. He worked for the county whenever the sheriff's office asked for his assistance. On the day of the injury, he left the village to help the sheriff's office make an investigation or arrest. Pontilla had committed no offense in the village and no official interest of the village was being advanced. The official authority which he exercised when he left the village was that of a deputy sheriff. § 629.40. Further, he was paid his usual wage by the county for the work he was performing when injured.

The only question remaining then is whether the commission erred in failing to find that the injury also arose out of his employment as deputy marshal of Moose Lake. The county relies on McFarland v. Village of Carlton, 187 Minn. 434, 245 N. W. 630, and Village of Schofield v. Industrial Comm. 204 Wis. 84, 235 N. W. 396. The Schofield case involved a fact situation similar to the instant case, but with two important differences. The marshal there was under an official duty imposed by a Wisconsin statute requiring village marshals to assist in such arrests. Minnesota does not have a similar statute and imposes no equivalent duty on its village marshals.[1] In addition, the person to have been arrested

---

[1] See, Bystrom v. Rohlen, 134 Minn. 67, 158 N. W. 796. There was no attempt here to show that assistance was being afforded because of a rule or regulation established pursuant to Minn. St. 626.76.

in the Schofield case was suspected of involvement in offenses which had occurred in the village. In McFarland, a village constable was wounded in the course of assisting the county sheriff in arresting two persons in the village. This court, in affirming the commission's award of compensation against the village, held that at the time of injury McFarland was an employee of the village and that the injury arose out of his employment as constable. The difference between that case and the instant case is that in McFarland the injury took place within the village, while in the present case it did not. In McFarland we stressed the fact that it was the petitioner's duty as constable to keep the peace in the village and aid in the arrest of persons in the village suspected of a crime. In the present case, Dobosenski had no authority or reason as village marshal to make the investigation or arrest. He departed from his duty of keeping the peace in Moose Lake to assist the county sheriff. We therefore find that the evidence reasonably supports the commission's finding that the injury did not arise out of his employment as deputy marshal of Moose Lake. Compare, Besch v. Village of Arden Hills, 262 Minn. 527, 115 N. W. (2d) 338. Employee-respondent is allowed $250 attorney's fees in this court. ·

Affirmed.