## State ex rel. Kennedy vs. Brunst.

CONSTITUTIONAL LAW: *Functions of sheriff cannot be transferred by law to officer appointed by county supervisors.*

1. Under our state constitution (which provides for the election of sheriffs by the electors of the county), the legislature cannot transfer to other officers, elected by the board of supervisors, important powers and functions which from time immemorial have belonged to the office of sheriff.

2. Ch. 332, Pr. & L. Laws of 1870, which provides for transferring to the inspector of the house of correction in Milwaukee county, the custody of prisoners confined in the common jail of that county under legal process, is invalid.

APPLICATION for a *Mandamus.*

Motion to quash an alternative writ of *mandamus* issued out of this court.

*Winfield Smith,* for the motion.

*C. K. Martin, contra.*

COLE, J. This is an application by the inspector of the house of correction of the county of Milwaukee,

State ex rel. Kennedy vs. Brunst.

for a writ of *mandamus* directed to the respondent, the sheriff of that county, commanding such sheriff to deliver over to the relator all prisoners confined in what had theretofore been the county jail of Milwaukee county, together with all writs, process and other papers belonging to the office of sheriff, which pertained to the custody of said prisoners, or by which any of them were held in custody. The relator bases his right to such relief upon the provisions of chapter 332, P. & L. Laws of 1870. By the first section of that act it is declared that the building known as the house of correction of the county of Milwaukee, shall, in addition to other purposes for which it is used, be the county jail of the county, and that the inspector thereof shall be, *ex officio*, the jailor of the county. In other sections it is further provided, that such inspector shall have the exclusive charge and custody of such jail and of the prisoners in the same ; and it is made the duty of the sheriff, upon demand made by the inspector, to deliver to said inspector all prisoners, in the old jail, with all writs, etc., which pertain to the custody of any of the prisoners. Sections 3 and 5. The other provisions of the law need not be referred to, as no particular question arises upon them.

The respondent resists this application, and moves to quash the alternative writ, upon the ground that the provisions above referred to are unconstitutional. He contends that it is not competent for the legislature to take from his office the duty of taking charge of the county jail of Milwaukee county, and the charge and custody of the prisoners in the same, and transfer that duty to the relator. By virtue of his office, he insists, and as a part and parcel of the duties from time immemorial belongong to it by law, the sheriff of the county has custody of the common jail and of the prisoners therein ; and it is no more competent for the legislature to take from the sheriff that duty and commit it to another officer, than it is to deprive

the sheriff of the right to execute writs and processes, or the duty of conserving the public peace. It seems to us that this view of the question is rational, and in harmony with the spirit of the constitution. The office of sheriff, in a certain sense, is a constitutional office; that is, the constitution provides that sheriffs shall be chosen by the electors of the respective counties, once in every two years and as often as vacancies shall happen. Sec. 4, art. 6. Now, it is quite true that the constitution nowhere defines what powers, rights and duties shall attach or belong to the office, of sheriff. But there can be no doubt that the framers of the constitution had reference to the office with those generally recognized legal duties and functions belonging to it in this country, and in the territory, when the constitution was adopted. Among those duties, one of the most characteristic and well acknowledged was the custody of the common jail and of the prisoners therein. This is apparent from the statutes and authorities cited by the counsel for the respondent. And it seems to us unreasonable to hold, under a constitution which carefully provides for the election of sheriffs, fixes the term of the office, etc., that the legislature may detach from the office its duties and functions, and transfer those duties to another officer. In this case it is said that the legislature has attempted to take the largest share of the duties of sheriff, in point of responsibility and emolument, and to commit it to an officer selected by the county board of supervisors. If the legislature can do this, why may it not deprive the sheriff of *all* the duties and powers appertaining to his office, and transfer them to some officer not chosen by the electors? It would certainly be a very idle provision of the constitution, to secure to the electors the right to choose their sheriffs, and at the same time leave to the legislature the power to detach from the office of sheriff all the duties and functions by law belonging

to that office when the constitution was adopted, and commit those duties to some officer not elected by the people. For this would be to secure to the electors the right to choose a sheriff in name merely, while all the duties and substance of the office might be exercised by and belong to an officer appointed by some other authority. We therefore conclude that it was not competent for the legislature to take from the constitutional office of sheriff a part of the office itself, and transfer it to an officer appointed in a different manner, and holding the office by a different tenure from that which was provided for in the constitution.

We are aware that this view of the power of the legislature in respect to the office of sheriff is in opposition to the case in Georgia (*The State v. Dews*, R. M. Charlton's R. 397) ; but it is sustained by the principle and reasoning of the cases of *Warner v. The People*, 2 Denio, 272 ; *State v. Hastings*, 10 Wis. 525 ; *McCabe v. Mazzuchelli*, 13 id. 478.

*By the Court.*—The motion to quash the alternative writ and dismiss the proceedings herein is granted.

Dixon, C. J., was absent.