STATE EX REL. MILWAUKEE COUNTY and another, Respondents, vs. BUECH, Sheriff, Appellant.

*April 10—May 4, 1920.*

*Officers: Deputy sheriff: County civil. service law: Waiver of regularity of eligibility list by appointing officer: Constitutional law: ·Uniformity of town and county government: Class legislation: Sheriffs: Common-law powers: Mandamus: Nature: Parties in interest as relators.*

1. A deputy sheriff appointed by the sheriff under the provisions of sec. 723, Stats. 1915, which provides that every deputy holds his office at the pleasure of the sheriff, was not appointed for a definite term within the meaning of the county civil service law (ch. 259, Laws 1917: secs. 16.31 to 16.44, Stats. 1919).

2. By accepting from the civil service commission and acting upon an incomplete and uncertified list of persons eligible to hold the office of deputy sheriff, a sheriff waived informalities and noncompliance with the statute; and a person appointed by the sheriff from such list holds his office pursuant to the civil service law.

3. Ch. 259, Laws 1917 (secs. 16.31 to 16.44, Stats. 1919), prohibiting a sheriff from appointing deputies except such as are certified as eligible by the civil service commission, is not unconstitutional in that it detracts materially from the powers, duties, and liabilities of the sheriff, the power of the sheriff at common law to appoint deputies not being one that gave character and distinction to the office.

4. Said ch. 259, providing for the appointment of certain officers under the civil service in certain counties, does not violate sec. 23, art. IV, Const., providing that the legislature shall establish but one system of town and county government, which shall be as nearly uniform ·as practicable, because deputy sheriffs are to be appointed from a list furnished by the civil service commission without reference to their places of residence—a variation from sec. 59.21, Stats. 1919.

5. The county civil service law (secs. 16.31 to 16.44, Stats. 1919) does not constitute a departure from uniformity in the system of county government, in. violation of sec. 23, art. IV, Const., by reason of sec. 59.22, Stats. 1919, changing the liability of the sheriff for acts of his deputies in counties having a population of 200,000 or more, the latter section being enacted at a subsequent session of the legislature and constituting no inducement to the passage of the civil service law.

6. Nor is such civil service law discriminatory as in violation of sec. 1, art. I, Const. Wis., and amendm. XIV, Const. U. S.,

in that it exempts from examination for county positions and offices persons who had been on the payroll of a county continuously for four years immediately preceding the date upon which it took effect, and exempting persons being in the service and on the payroll less than four years, and requiring them to take only a noncompetitive examination.

7. *Mandamus* is essentially a civil action so far as the rules and practice as to pleadings are concerned; and a county has such a joint or common interest with that of one seeking by *mandamus* to compel the sheriff to reinstate him in the service as a deputy and place his name on the payroll that it is properly joined as a relator, in view of sec. 2602, Stats., the object of which is to determine in one suit the rights of all parties in the subject matter of the litigation.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Mandamus to compel the defendant, as sheriff of *Milwaukee County,* to reinstate the petitioner, *John B. Kozik,* in his office as deputy sheriff and to properly place and certify his name on the payroll. The petition alleges that *John B. Kozik* was duly appointed deputy sheriff of *Milwaukee County* on the 1st day of January, 1917; that defendant *Robert Buech* was elected to the office of sheriff of *Milwaukee County* in November, 1918, and entered upon the duties of his office on the first Monday of January, 1919, and thereupon appointed petitioner, *John B. Kozik,* as deputy, effective from and after that date; that the said *Kozik* filed his oath of office and executed to the said *Robert Buech* a bond in accordance with the statutes, and did thereafter make and execute an additional bond in the manner and form as provided by ch. 220 of the Laws of 1919. It alleges the passage of ch. 259, Laws 1917, creating what are now known as secs. 16.31 to 16.44, Stats. 1919, providing for the creation of a civil service commission in all counties of the state containing 200,000 inhabitants or more; that a civil service commisison was duly appointed and organized in *Milwaukee County,* the adoption of rules and regulations for the purpose of carrying out the provisions of said act, the passage of an ordinance by the county

board of Milwaukee County adopting a classification and salary standardized plan for compensation of offices and employments in the county classified service, providing for the establishment of procedure and regulations, and providing effective employment control, in compliance with the provisions of said act; that said civil service act and the rules and regulations of said civil service commission and the employment standardization ordinance became effective January 1, 1919; that Kozik, prior to the time said civil service law became effective, had been appointed as deputy sheriff for a definite term, and that when said act became effective in said county Kozik was in the service of said county for a definite term, and that he continued to hold his office after the expiration of said definite term under and pursuant to the terms of the act, and that he took an examination for the purpose of retaining his position as such deputy sheriff as required by the act, and that he continued to act as deputy sheriff until the 1st day of April, when defendant preferred charges against him before the civil service commission and suspended him from office; that upon the trial of such charges before the civil service commission it was determined that the charges were not well founded, and it was ordered that said Kozik be reinstated to his said position as deputy sheriff; that Kozik then presented himself for duty, but defendant refused to recognize the authority or order of the commission to reinstate said Kozik, and did on the 9th day of May file further charges against said Kozik, upon trial of which Kozik was again exonerated and it was ordered that he be reinstated with full pay from and after his first suspension on the 2d day of April, 1919, and that defendant refuses to so reinstate him; that the petitioner, Milwaukee County, ever since said 2d day of April, 1919, has been without the service of said Kozik as deputy sheriff of said county by reason of the wrongful and unlawful conduct of said defendant, Robert Buech.

The defendant moved to quash the alternative writ, which

motion was overruled.    He then made return to the alternative writ in which he denied that *Kozik* continued to hold his position as deputy sheriff under said civil service act after the expiration of said definite term, denied that for the purpose of retaining his position as deputy sheriff the said petitioner, *Kozik,* ever took or passed the examination provided by the terms and provisions of said civil service act, denied that he wrongfully or unlawfully suspended said *Kozik,* or that he refused to recognize any valid order or any valid determination of the civil service commission, or that he wrongfully or unlawfully refused to place the name of *Kozik* on the payroll of *Milwaukee County,* and further alleged that said *Kozik* never took or passed, for the purpose of retaining his position as such deputy sheriff, the examination, or any examination, provided for by the civil service law, and never became entitled to retain his position as deputy sheriff after the 6th day of January, 1919, under and by virtue of the civil service law, and that whatever right or title he had to the office of deputy sheriff on or after the 6th day of January, 1919, arose out of and was based upon the appointment of said *Kozik* as deputy sheriff on the 6th day of January, 1919, and that such appointment carried with it the right of discharge of said *Kozik* by defendant.

The return further alleged that said civil service act is unconstitutional and void, in conflict with and violative of the state constitution and of the Fourteenth amendment of the constitution of the United States, and that all the acts and doings thereunder, alleged and set forth in the petition of relators herein, were void and were done and performed without jurisdiction, and that neither of the relators herein has acquired any rights thereunder.    It is also alleged that there is a misjoinder of relators herein, and that the said relators have neither a common nor joint interest in the subject matter of the petition, and that *Milwaukee County* has no interest in the subject matter thereof.

The issues thus formed were tried before the court, resulting in findings of fact and conclusions of law, upon which judgment was entered granting the peremptory writ as prayed for by relators. From the judgment so entered the defendant sheriff appealed.

For the appellant there was a brief by *Curtis & Mock* of Milwaukee, and oral argument by *H. K. Curtis.*

*Winfred C. Zabel,* district attorney of Milwaukee county, *William L. Tibbs,* special assistant district attorney, and *Daniel W. Sullivan,* first assistant district attorney, for the respondents.

OWEN, J.   Sec. 16.43, Stats. 1919 (the civil service law in question), provides:

"All persons included within the classified service of any county, at the time sections 16.31 to 16.44, inclusive, go into effect therein, appointed for a definite term, shall be required to take examinations under said sections, as soon as practicable after the expiration of such definite term, except persons who have been on the payrolls of such county continuously for the four years immediately preceding the date upon which said sections go into effect in said county; and except that all such persons being in service and on the payroll of said county less than four years preceding such date shall, in order to retain their offices or positions, be required to take a noncompetitive examination, and shall retain their offices or positions, unless upon such examination they be found and determined by said board to be insufficiently qualified."

The first question to be considered is whether *Kozik's* right to the office of deputy sheriff is by virtue of this section or by virtue of his appointment thereto by the sheriff on January 6, 1919. It is the contention of the sheriff that if his title to the office is derived through and by virtue of this section, then his appointment thereto is a legislative appointment, and void, under the principle governing the decisions in *Cole v. President, etc. of Black River Falls,* 57 Wis. 110,

State ex rel. Milwaukee County v. Buech, 171 Wis. 474.

14 N. W. 906; *State ex rel. Hamilton v. Krez,* 88 Wis. 135, 59 N. W. 593; *O'Connor v. Fond du Lac,* 109 Wis. 253, 85 N. W. 327; *State ex rel. Dithmar v. Bunnell,* 131 Wis. 198, 110 N. W. 177. It is therefore necessary to determine at the outset the source of *Kozik's* title to the office. If derived through and by virtue of the section of the statutes quoted, it will be necessary to consider whether his title thereto is void as resting upon legislative appointment, otherwise not.

The original theory of the petitioner seemed to be that the provisions of this section were effective to continue him in office and that his title thereto was referable to this legislative enactment rather than to his appointment of January 6, 1919. Sec. 16.43 deals with persons included within the classified service who are appointed for a definite term. It provides that, unless they have been on the payroll of such county continuously for the four years immediately preceding the date when the law takes effect, they shall be required to take noncompetitive examinations after the expiration of such definite term, and they shall retain their offices or positions unless, upon such examination, they shall be found and determined by said board to be insufficiently qualified. The contention of *Kozik* was that he was appointed for a definite term ending on January 6, 1919, and that he continued to hold his office thereafter unless upon the noncompetitive examination it was found and determined by the civil service commission that he was insufficiently qualified therefor. In order to be within this provision of the statutes he must have been appointed for a definite term. *Kozik* was appointed under the provisions of sec. 723, Stats. 1915, which provide: "Every deputy shall hold his office at the pleasure of the sheriff." In view of this provision, it seems plain that *Kozik* was not appointed for a definite term, for which reason his office was not comprehended within the provisions of sec. 16.43. His appointment, therefore, was not a legislative appointment,

and the question whether it was competent for the legislature to provide for his retention in office under the plan of sec. 16.43 is not before us.

It is necessary to ascertain, however, just what his right or title to the office is. The trial court found that on the 31st day of October, 1918, and the 1st day of November, 1918, the deputy sheriffs of said county were required by the county civil service commission to take, and did take, an examination under the provisions of the civil service act for the purpose of determining, and which did in fact determine, the merits and fitness of each of said deputy sheriffs to retain his said office and to continue in the service of the county as such; that *Kozik* took such examination, and that as a result thereof the civil service commission found and determined that *Kozik* was sufficiently qualified to hold and retain his said office as deputy sheriff of said county; that prior to the first Monday in January the sheriff had been fully informed that said examination for the deputy sheriffs had been held, and that immediately prior to the first Monday in January, 1919, he procured from the chief examiner of said civil service commission a list of the names of deputy sheriffs of said county found and determined by said civil service commission to be sufficiently qualified to hold their office and position as deputy sheriff; that said list was correct and included the name of *John B. Kozik;* that said list was not certified by said chief examiner, and did not have one additional name for each additional vacancy, as provided in sec. 16.35; that the defendant thereafter made the selection and appointment in writing of the said *Kozik* and certain other persons from said list to serve as such deputy sheriffs and filed said appointment in the office of the clerk of the circuit court of said county; that defendant accepted a bond from said *Kozik* pursuant to sec. 724, Stats. 1917; that thereafter and up to the time of his suspension on April 1, 1919, said sheriff at all times recognized and treated said *Kozik* as one of the duly appointed, qualified, and

acting deputy sheriffs of said county and as entitled to continue and retain his said office and position as deputy sheriff of said county, pursuant to the provisions of said civil service act.

While there was some informality and noncompliance with the statute in the manner and method of certifying the names of persons eligible to the appointment of the office of deputy sheriff, the trial court considered that these informalities were waived by the sheriff by his failure to insist upon compliance therewith at the time of asking for the names of persons eligible for appointments as deputy sheriffs, and that from all the facts and circumstances, and especially in view of the fact that the sheriff considered it necessary to file charges with the civil service commission in order to consummate the removal of *Kozik,* it was plain that the sheriff appointed *Kozik* a deputy under and pursuant to the civil service laws, rules, and regulations, and that *Kozik* was entitled to the protection thereof. We think the conclusion of the trial judge is correct. The sheriff was prohibited from appointing any deputy sheriff except such as were found and certified as eligible by the civil service commission. It is clear that he intended to comply with the law in this respect, and that he considered *Kozik* an appointee under the provisions and subject to the protection of the civil service law, rules, and regulations. The title of *Kozik* to the office, therefore, rests upon appointment by the sheriff made on the 6th day of January, 1919, and is not in any manner referable to the provisions of sec. 16.43.

It is contended by appellant that the so-called civil service law is unconstitutional in so far as it applies to the office of sheriff of any county. It is said that at common law the sheriff had power to appoint deputies and it is not competent for the legislature to detract materially from the powers, duties, and liabilities of the sheriff, and reference is made to the case of *State ex rel. Kennedy v. Brunst,* 26 Wis. 412. In that case it was held that a law which assumed

to take from the sheriff the duties of jailer of a county and confer them upon another officer appointed by the county board was unconstitutional, because it took from the sheriff an important common-law duty which was impliedly attached to the office by the constitution. In the opinion in that case it is said:

"It is quite true that the constitution nowhere defines what powers, rights, and duties shall attach or belong to the office of sheriff. But there can be no doubt that the framers of the constitution had reference to the office with those generally recognized legal duties and functions belonging to it in this country, and in the territory, when the constitution was adopted. Among those duties, one of the most characteristic and well acknowledged was the custody of the common jail and of the prisoners therein."

With no disposition to question the doctrine of that case, we do not think it should be extended to the extent here urged. We think it should be confined to those immemorial principal and important duties that characterized and distinguished the office. While at common law the sheriff possessed the power to appoint deputies, it was not a power or authority that gave character and distinction to the office. Many other officers as well as sheriffs possessed the power. It was more in the nature of a general power possessed by all officers to a more or less extent and was not peculiar to the office of sheriff. It should not be held, in our judgment, that the constitution prohibits any legislative change in the powers, duties, functions, and liabilities of a sheriff as they existed at common law. If that were true, a constitutional amendment would be necessary in order to change the duties of sheriffs in the slightest degree and, in this respect, "the state would be stretched on a bed of Procrustes."

This view makes it unnecessary to consider whether the sheriff has in fact been deprived of the power of appointment; the power of the legislature to prescribe reasonable

regulations for its exercise, or to require specified qualifications of the appointee, such qualifications to be ascertained in the manner prescribed by the legislature, even though the power of appointment was preserved to the sheriff by constitutional provisions.

It is next contended that the act is invalid because it violates sec. 23, art. IV, of the constitution, which provides: "The legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable."

This argument is based upon the provisions of sec. 59.21, Stats., which requires the sheriff to appoint a deputy sheriff for each city and village in the county having 1,000 or more inhabitants and one for each assembly district therein, except the district in which the undersheriff resides, which contains an incorporated village having less than 1,000 inhabitants and does not contain a city or incorporated village having more than 1,000 inhabitants. It is pointed out that under the county civil service regulations the deputies must be appointed from a list furnished by the civil service commission and that they are selected without any reference to their places of residence, for which reason compliance with the section quoted is impossible, and that in counties where the county civil service law is in force sec. 59.21 is practically inoperative, thus destroying the uniformity of the system of county government. This constitutional provision has been frequently considered by this court, and it is established that it does not require an absolutely uniform system of county government but only a system that is as nearly uniform as practicable. *State ex rel. Sommer v. Erickson*, 120 Wis. 435, 98 N. W. 253; *State ex rel. Busacker v. Groth*, 132 Wis. 283, 112 N. W. 431. Counties may be classified according to population. *Verges v. Milwaukee Co.* 116 Wis. 191, 93 N. W. 44; *Bingham v. Milwaukee Co.* 127 Wis. 344, 106 N. W. 1071. The desirability of substituting the merit for the spoils system in the

484   SUPREME COURT OF WISCONSIN.   [May

State ex rel. Milwaukee County v. Buech, 171 Wis. 474.

county service in counties of 200,000 population or over and the impracticability of its maintenance ('especially the machinery for its administration) in smaller counties, is obvious. We readily conclude that it was competent for the legislature to provide a civil service system in counties having a population of 200,000 or over, and the law is not to be declared invalid because in some trifling particular, such as the variation in the number of deputy sheriffs, it constitutes a departure from absolute uniformity.

In this connection our attention is called to sec. 59.22, Stats. 1919, as another departure from absolute uniformity in the system of county government for which this law is responsible. Sub. (3) of that section was enacted as ch. 220 of the Laws of 1919, and provides that, in counties having a population of 200,000 or more, deputy sheriffs shall execute and file an official bond and be liable for their defaults in the same manner and to the same extent that the sheriff would otherwise be liable, and that actions therefor shall be prosecuted directly against the deputy and the surety on his official bond. It also provides that the sheriff shall not be responsible for the acts, defaults, or misconduct in office of the deputy. Prior to the enactment of this provision (and now in every county having a population of less than 200,000) the sheriff was responsible for the defaults of his deputies. This circumstance is urged against the constitutionality of the civil service law. A very effectual answer to this contention is that the provision in question is no part of the civil service law, and neither its construction nor validity is involved in this case. It in no manner affects the right or title of *Kozik* to the office of deputy sheriff, and that is the question here involved. Even though this act be unconstitutional, it could have no effect whatever upon the validity of the county civil service act. As before stated, it is no part of the civil service act, it was enacted at a subsequent session of the legislature, and could constitute no inducement to the passage of the civil service law.

It is further contended that because of the provision of

the county civil service act exempting from examination persons who have been on the payroll of such county continuously for the four years immediately preceding the date upon which the civil service law took effect and exempting persons being in the service and on the payroll of the county less than four years and requiring the latter class to take only a noncompetitive examination to retain their offices or positions, it is discriminatory and class legislation, in violation of sec. 1, art. I, of the state constitution and of the Fourteenth amendment to the constitution of the United States.    Cases condemning similar laws exempting from examination, or giving special privileges to, veterans, are cited in support of this contention.    The principle governing the decisions in those cases is not applicable here.    Here the classification is germane to the purpose of the legislation.    The purpose of the legislation is to measure fitness and qualification on the part of those engaged in the public service.    The mere fact that a person served in the Civil War gives no evidence of such qualifications, while long continued service in the position to be filled does give such evidence.    In the one case the classification is clearly arbitrary, while in the other it is based on reasons germane to the purposes of the law.    The contention is without merit.

It is claimed that the county of *Milwaukee* has no interest in the subject matter of this proceeding, but that, if it has, its interest is not a joint or common interest with that of the petitioner, *Kozik*.    It is conceded that persons having a joint or common interest in the subject matter in controversy may be joined as relators, but it is claimed that where their interest is several or distinct they cannot be so joined. The county of *Milwaukee*, through its proper agency, has determined the number of deputies necessary to discharge the business of the county.    If *Kozik* has a legal title to the office of deputy sheriff, the county is responsible for his salary.    Its interest, therefore, is double: first, it is interested in the proper dispatch of the county's business for which the employment of *Kozik* is necessary; and secondly,

in view of the fact that it must pay *Kozik* his salary, it is interested in having him discharge the duties of his office. It seems clear to us that this vests *Milwaukee County* with an interest in this controversy. The question now is whether *Milwaukee County* and *Kozik* may unite in maintaining this proceeding. It has long been established in this state that a proceeding by *mandamus* is essentially a civil action so far as the rules and practice as to pleadings are concerned. *State ex rel. Green Bay & M. R. Co. v. Jennings,* 56 Wis. 113, 14 N. W. 28; *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672, 678, 70 N. W. 300; *State ex rel. Rice v. Chittenden,* 107 Wis. 354, 83 N. W. 635. By sec. 2602, Stats., it is provided that "All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, except as otherwise provided by law." The object of this statute is to determine in one suit the rights of all parties in the subject matter of the litigation, and, as stated in *Beck v. Ashland C. & T. Co.* 146 Wis. 324, 330, 130 N. W. 464, "A statute framed to secure such desirable results by such simple, direct means, and passed for the express purpose of obtaining relief from the technicalities of the common-law rules of pleading, should receive a liberal construction." While it may be conceded that appellant's position is not without support in the authorities based upon the common-law rules of pleading, to apply the doctrine of such cases here would be to consummate exactly what the legislative and judicial tendency of this state seeks to avoid, namely, the unnecessary protraction of litigation. Its application would mean a dismissal of this action and further litigation before the rights of the parties can be determined; a result that could be justified, even in the absence of the statute, only by slavish fidelity to an antiquated rule, a distinction this court neither covets nor enjoys. We hold that there was no misjoinder of relators.

*By the Court.*—Judgment affirmed.