JAMES R. LONG, District Attorney, Outagamie County
You have requested my opinion on the following questions:
1. Does the county board have power to authorize the establishment of a felony squad under the direction of the sheriff which would have responsibility for felony investigation on a countywide basis?
2. What is the authority of the sheriff and such felony squad in a municipality which has an established police department?
The answer to your first question is "yes."
It is my opinion that such unit could not be created outside the office of the sheriff but would have to be under the sole control of the sheriff and that he would have the power of appointment of deputy sheriffs serving on such squad.
 Secs. 59.21 (1), (2) and (8) (a). 59.15 (2) (b), Stats. 38 OAG 245, 247 (1949). 37 OAG 221, 222 (1948). 35 OAG 474 (1946). State ex rel. Kennedy v. Brunst (1870), 26 Wis. 412. State ex rel. Milwaukee County v. Buech (1920), 171 Wis. 474, 177 N.W. 781. Maier v. Racine County (1957). 1 Wis.2d 384, 84 N.W.2d 76.
The county board in a county having a general civil service system or system pursuant to sec. 59.21 (8) (a), Stats., could provide job classifications for deputy sheriff positions which would form the basis for the selection of competent personnel who could, on appointment by and under supervision of the sheriff, be assigned to and perform the desired duties. 48 OAG 98 (1959). *Page 81 
There is no special magic in names such as "felony squad" or "homicide squad," etc. The efficiency of any unit depends upon the competency of its individual members, special equipment available, adequate supervision and the cooperation which is forthcoming from the public and other law enforcement agencies.
A sheriff and his deputies do have countywide jurisdiction. 50 OAG 47, 48 (1961).
In 58 OAG 72 (1969), at 73-74, it is stated:
"At the present time a sheriff and his deputies have very broad overall power with respect to law enforcement involving state statutes, county ordinances and keeping of the peace in the entire county, regardless of municipal boundary lines. The effectiveness of the department has been limited only by budgetary and manpower limitations and gentlemen's agreements to allow municipal police to have primary concern of the matters within the boundaries of a city or village. Cooperation, however, does not displace duties imposed by statute."
Also see 46 OAG 280 (1957), at 283, and 45 OAG 267 (1956), at 270.
I am of the opinion that a sheriff and his deputies have concurrent authority with local law enforcement personnel to enforce state laws regardless of municipal boundaries. While a sheriff could not exclude local authorities in the investigation of crimes or of a specific crime or from enforcement of the criminal laws or an area thereof such as felonies, he can on a case-by-case basis assert leadership, control and direction by reason of his superior position as chief law enforcement officer of the county. It is the duty of local peace officers to cooperate.
Section 59.24 Stats., provides in material part:
"(1) Sheriffs and their undersheriffs and deputies shall keepand preserve the peace in their respective counties and quiet and suppress all affrays, routs, riots, unlawful assemblies and insurrections; for which purpose, and for the service of processes in civil or criminal cases and in the apprehending orsecuring any person for felony or breach of the peace they * * *may call to their aid such persons or power of their county as they may deem necessary. (Emphasis added) *Page 82 
"(2) County law enforcement agencies may request the assistance of law enforcement personnel or assist other law enforcement agencies as provided in ss. 66.305 and 66.315."
It is my opinion that sec. 59.24 (2), Stats., is an additional means of securing aid of law enforcement personnel of other agencies and does not limit the power of the sheriff to require assistance of such personnel within their areas of jurisdiction. It is clear from sec. 66.315 (1), Stats., that law enforcement personnel acting outside the territorial limits of their municipality are subject to the command of the sheriff. Section 66.315 (1), Stats., provides, in part:
"* * * who shall be required by command of the * * * sheriff * * * to maintain the peace * * *."
It is my opinion that local law enforcement personnel are also subject to the command of the sheriff when acting within their municipal boundaries when the sheriff exercises a call to aid under sec. 59.24 (1), Stats. That section permits the sheriff to call such "persons" and also the "power of the county" as he deems necessary. If necessary, he can form a posse comitatus, meaning the power of the county and by which the sheriff calls upon private citizens or other law enforcement personnel to aid him in preserving the peace or making an arrest. There must be a call by the sheriff or by a deputy empowered by him, however, before a posse comitatus exists, and local officers having concurrent duties in law enforcement are not necessarily acting under the direction of the sheriff when they are cooperating in investigating a crime or making an arrest.
 Schofield v. Industrial Comm. (1931), 204 Wis. 84, 235 N.W. 396. Kagel v. Brugger (1963), 19 Wis.2d 1, 5, 119 N.W.2d 394. 47 Am. Jur., Sheriffs, sec. 36 Posse Comitatus, 847. 80 C.J.S., Sheriffs and Constables, sec. 34 Posse Comitatus, 202, 203.
The primary statutory powers of a sheriff are set forth in secs. 59.21-59.33, 66.305, and 66.315, Stats. However, the sheriff has historical powers reserved to his office by the Wisconsin Constitution. *Page 83 
In State ex rel. Kennedy v. Brunst (1870), 26 Wis. 412, 414, it is stated:
"* * * Now, it is quite true that the constitution nowhere defines what powers, rights and duties shall attach or belong to the office of sheriff. But there can be no doubt that the framers of the constitution had reference to the office with those generally recognized legal duties and functions belonging to it in this country, and in the territory, when the constitution was adopted. * * *"
The sheriff is the chief law enforcement official in the county. 80 C.J.S., Sheriffs and Constables, sec. 1, 152.
At 80 C.J.S., Sheriffs and Constables, sec. 36 Territorial Extent of Authority, 205, it is stated:
"* * * his authority extends over the entire county, and includes all municipalities and townships within his county. * * *"
At 80 C.J.S., Sheriffs and Constables, Sec. 42c Concurrent or Conflicting Powers and Duties, 213, it is stated:
"While the sheriff may, in the absence of information to the contrary, assume that a local police department will do its duty in enforcing the law, the primary duty of such enforcement is his and cannot be altered by custom. So the sheriff may leave local law enforcement in local hands only as long as reasonable efforts in good faith are made, by the local police authorities, to enforce the law; but if he has reason to believe that the police force is neglecting its duty or is in league with offenders he must inform himself, and if he knows that city officials are deliberately ignoring or permitting violations of law his duty to prevent and suppress offenses is the same as though there were no municipality and no police force. * * *
"* * * The sheriff's authority is superior to that of a constable, and he has a right, and it is his duty, if he holds a felony warrant against a person held by a constable under a misdemeanor warrant, to take such person into his custody if he deems it necessary, and it is the duty of the constable to yield to the sheriff's superior authority." (Citing State v. McCarty
(1919), 104 Kan. 301, 179 P. 309, 3 A.L.R. 1283.) *Page 84 
In Andreski v. Industrial Comm. (1952), 261 Wis. 234, 239-241,52 N.W.2d 135, the court dealt with the unique power and authority of the sheriff in Wisconsin:
"The position of sheriff is one of great antiquity and honor. He was the deputy of the king in his shire and was accountable to no one but the king to whom he was responsible for the royal levies of men for the army, money for the treasury, and for the preservation of the king's peace, for good order and for justice. Annually, or at shorter intervals, he made a progress throughout his domain, stopping at the more important towns to inquire into all matters of interest to the sovereign. He was accompanied by his court, composed as was the king's court, of representative nobles, freeholders, and burghers, before whom his officers brought persons accused of crime. Trial was had under the supervision of the sheriff and if conviction resulted the sheriff imposed the sentence and executed it. Although in rank some noblemen might be higher, in temporal power and authority within his shire and within his term of office the sheriff was legally superior to them all. He was the representative of the king, accountable only to the king, and the king's authority lay in him.
"Within the field of his responsibility for the maintenance oflaw and order the sheriff today retains his ancient character andis accountable only to the sovereign, the voters of his county,though he may be removed by the governor for cause. No othercounty official supervises his work or can require a report or anaccounting from him concerning his performance of his duty. Hechooses his own ways and means of performing it. He divides his time according to his own judgment of what is necessary and desirable but is always subject to call and is eternally charged with maintaining the peace of the county and the apprehension of those who break it. * * * (Emphasis added.)
"* * * Sec. 59.24, Stats., provides: `Sheriffs and their undersheriffs and deputies shall keep and preserve the peace in their respective counties. . . .' * * * his primary duty is topreserve law and order throughout the county, * * *." (Emphasis added) *Page 85 
Policemen within local units of government have powers which are based on statutes. The office of policeman was unknown to the common law. The early conservator of the peace was the watch or constable and all citizens were bound to take their turn in keeping the watch. 16 McQuillin, Municipal Corporations, sec.45.06, p. 641. Insofar as they are empowered as peace officers to enforce state laws, they are agents of the state, as the maintenance of law and order in every section of the state is a matter of statewide concern. 16 McQuillin, MunicipalCorporations, sec. 45.01, pp. 620, 621; Van Gilder v. Madison
(1936), 222 Wis. 58, 76, 267 N.W. 25, 268 N.W. 108, 105 A.L.R. 244.
Police in a city have such powers and duties as constables within their municipality and such additional powers as set forth in sec. 62.09 (13), Stats.
Section 62.09 (13) (a), Stats., provides:
"The chief of police shall have command of the police force of the city under the direction of the mayor. It is his duty to obey all lawful written orders of the mayor or common council. The chief and each policeman shall possess the powers, enjoy the privileges and be subject to the liabilities conferred and imposed by law upon constables, and be taken as included in all writs and papers addressed to constables; shall arrest with or without process and with reasonable diligence take before the municipal justice or other proper court every person found in the city in a state of intoxication or engaged in any disturbance of the peace or violating any law of the state or ordinance of such city and he may command all persons present in such case to assist him therein, and if any person, being so commanded, refuses or neglects to render such assistance he shall forfeit not exceeding $10. They shall collect the same fees allowed to constables for similar services."
They have limited power to act beyond their municipal boundaries by reason of secs. 66.305, 66.31 and 66.315, Stats. Because of the strict territorial limits on their powers, they are frequently deputized by the sheriff on a cooperative basis so that they may at all times act throughout the county if necessary. *Page 86 
A village constable under sec. 61.29 Stats., has the powers and duties of a town constable. A village marshal has the power and duties of a constable plus additional limited powers within his village, as set forth in sec. 61.28, Stats. By reason of sec.61.31 (2), Stats., village police have powers of village marshals.
Section 60.54, Stats., provides for the duties of a town constable, and subsecs. (1), (2) and (6) provide:
"(1) Serve within his county any writ, process, order or notice, and execute any order, warrant or execution lawfully directed to or required to be executed by him by any court or officer.
"(2) Attend upon sessions of the circuit court in his county when required by the sheriff.
"* * *
"(6) Cause to be prosecuted all violations of law of which he has knowledge or information."
Subsection (2) specifically refers to the sheriff as superior authority and, since the sheriff is an officer of the court, subsection (1) would also indicate that a constable is subservient to the sheriff, even if it be contended that "officer" as used therein means officer of the court. Also see sec. 60.555, Stats., which abolishes the office of constable in cities of the first class and provides that his duties shall be performed by the sheriff. This is further indication that, from a historical standpoint, constables were subservient to the sheriff. Since city police and village police have the powers and duties of constables, they are, with respect to the enforcement of state laws, subject to the command of the sheriff and, although they have concurrent power and duty to investigate and enforce state laws within their municipality, they must yield to the direction of the sheriff if he deems it necessary in a given case.
While the sheriff may, on a case-by-case basis, assert superintending authority as a matter of legal right, it would not be expedient or practical to do so in many cases. Because of personnel, training and budgetary considerations, his office, in certain counties, may not be as qualified to act as local police departments. In most instances the best law enforcement will result from mutual cooperation. *Page 87 
RWW:RJV