WILLIAM F. BOCK, Corporation Counsel, Racine County
You state that Racine County has established a water safety patrol pursuant to sec. 30.79 (1) (b), Stats., and that the members of said patrol are not members of the sheriff's department nor are they members of any other law enforcement agency in Racine County. Patrol officers are currently deputized by the sheriff.
You inquire whether water safety patrol officers in a county patrol, created as a separate agency under sec. 30.79 (1) (b), Stats., would have law enforcement powers of a sheriff in enforcing secs. 30.50 to 30.80, Stats., even if they were not deputized by the sheriff.
I am of the opinion that they would.
A county may create a water safety patrol as a separate agency. Section 30.01 (1), Stats., defines "municipality" as used in ch. 30, Stats., to include a county.
Section 30.79 (1) (b), Stats., provides:
 "`Water safety patrol unit' means a unit within an existing municipal law enforcement agency or a separate municipal agency, created by a municipality or by a number of municipalities riparian to a single body of water for the purpose of enforcing ss. 30.50 to 30.80 and any rules and ordinances enacted pursuant thereto."
Section 30.79 (2), Stats., provides that state "Aid shall be granted . . . to those municipalities which establish, maintain and operate water safety patrol units" in accordance with this chapter.
Section 30.79 (3), Stats., provides:
 "ENFORCEMENT POWERS. Officers patrolling the waters as part of a water safety patrol unit may stop and board any boat for the purpose of enforcing ss. 30.50
to 30.80 or any rules or ordinances enacted pursuant thereto, if he has reasonable cause to believe there is a violation of such sections, rules or ordinances."
Section 30.79 (4), Stats., is concerned with jurisdiction and provides that a municipality may petition the Department of *Page 171 
Natural Resources to "define the waters which may be patrolled by such unit" and that:
 ". . . Officers patrolling the waters as part of such water safety patrol unit shall have the powers of sheriff in enforcing ss. 30.50 to 30.80, or rules or ordinances enacted pursuant thereto, on any of the waters so defined . . . ." (Emphasis added.)
I am of the opinion that the legislature intended to authorize water patrol officers to exercise the powers of a sheriff, set forth in sec. 59.24 (1), Stats., to keep and preserve the peace, investigate, serve process, and arrest and apprehend in both civil and criminal matters directly involved in the enforcement of secs. 30.50-30.80, Stats., and rules and ordinances enacted pursuant thereto. It is my opinion that the legislature had power to confer such powers on water safety patrol officers for these limited purposes and that there is no unconstitutional transfer of immemorial powers from the office of sheriff. In State ex rel.Milwaukee County v. Buech (1920), 171 Wis. 474, 482,177 N.W. 781, it is stated that the rule against transfer of important common-law duties from the office of sheriff, which were impliedly attached to the office by the Constitution ". . . should be confined to those immemorial principal and important duties that characterized and distinguished the office." In this instance there is no transfer of immemorial duties and the sheriff retains concurrent power to enforce secs. 30.50-30.80, Stats., and rules and ordinances of his county enacted pursuant thereto.
I would point out that there may be considerable advantage in having water safety patrol officers deputized by the sheriff. This would broaden their law enforcement powers enabling them to deal with violations of other laws observed in the course of their duties.
BCL:RJV *Page 172