WILLIAM A.J. DRENGLER, Corporation Counsel Marathon County
You advise that various committees of the Marathon County board, in cooperation with the county administrator, the sheriff and citizen advisory groups, are discussing the issue of "privatization" of the county jail. As a result, you request my opinion on the following related questions:
 1. Is it legal to "privatize" the jailer function of the Sheriff's duties under Wis. Stat. 59.23 (1) by the method of a county contracting with a private firm for the care and custody of county prisoners held in a county jail?
 2. Does your opinion change if a sheriff is party to such a contract either in his official capacity alone or in concert with a county board budgetary and contractual decision?
The answer to both questions is no.
Section 59.23 (1), Stats., provides that the sheriff shall "[t]ake the charge and custody of the jail maintained by his county and the persons therein, and keep them himself or by his deputy or jailer." This function of the sheriff is one of the most central and important of his historic duties and was early recognized by our supreme court as a distinctive constitutional feature of the office from time immemorial, which even the Legislature is not competent to take away or transfer to another.State ex rel. Kennedy v. Brunst, 26 Wis. 412 (1870). See alsoProfessional Police Ass'n v. Dane County, 106 Wis.2d 303, 310,316 N.W.2d 656 (1982); Schultz v. Milwaukee County, 245 Wis. 111,114-15, 13 N.W.2d 580 (1944). Referring to the above-quoted language of section 59.23 (1), in Bell v. Fond du Lac County,53 Wis. 433, 433-34 (1881), the supreme court further stated that "the statute imposes the absolute duty and responsibility" upon the sheriff to take charge of the persons confined in the county jail and that "the sheriff has no election or choice in the matter." *Page 95 
A contract of the character you describe would be inappropriate whether or not the sheriff participated in its execution and implementation. The sheriff is a constitutional officer in whom a portion of the sovereign power of government is delegated to be exercised for the benefit of the public. See Martin v. Smith,239 Wis. 314, 330, 332, I N.W.2d 163 (1941). As noted in ProfessionalPolice Ass'n, 106 Wis.2d at 309. "`In the exercise of executive and administrative functions, in conserving the public peace, in vindicating the law, and in preserving the rights of the government, he (the sheriff) represents the sovereignty of the State and he has no superior in his county.' (Emphasis added.)" When engaging in his duties relating to the imprisonment of offenders and others in his keeping, he partakes in an important core function of the sovereign. However, the power to contract with private parties to perform such functions is not an immemorial principal and important duty that characterized and distinguished the office. Moreover, section 59.23 (1) is painfully explicit in directing that the jail and prisoners must be kept by the sheriff "himself," i.e., by him personally, or by "his deputy or jailer." Therefore, it also appears that the power or discretion to so contract is not presently reposed in him by statute, expressly or by implication, and a county officer has no power to contract "except in cases of express grant of authority, or where it may be fairly implied from the nature of the act authorized." Endion Improvement Co. v. Evening Telegram Co.,104 Wis. 432, 438, 80 N.W. 732 (1899); see also Marathon County v.Industrial Comm., 218 Wis. 275, 281, 260 N.W. 641 (1935).
As explained in State ex rel. Hammermill Paper Co. v. LaPlante, 58 Wis.2d 32, 80, 205 N.W.2d 784 (1973), a governmental subdivision "may, by contract, curtail its right to exercise functions of a business or proprietary nature, but, in the absence of express legislative authority, it cannot surrender or contract away its governmental functions and powers," not even partially. See also Wausau Jt. Venture v. RedevelopmentAuthority, 118 Wis.2d 50, 59, 347 N.W.2d 604 (Ct.App. 1984). Consistent with this basic proposition, it is said that such an entity may not contract for the performance of public duties which the law requires its public officers or employes to perform. See 3 McQuillin Municipal Corporations § 12.126, § 12.127 (1982); 10 McQuillin Municipal Corporations
§ 29.08 (1981); and 2 McQuillin Municipal Corporations
§ 10.38 (1979). Moreover, powers conferred on a county officer by statute *Page 96 
cannot be altered by the county board, except as authorized by the Legislature. See 63 Op. Att'y Gen. 196, 199 (1974); 65 Op. Att'y Gen. 132, 136 (1976).
It has been repeatedly held in Wisconsin that "a county board has only such powers as are expressly conferred upon it [by the legislature] or necessarily implied from the powers expressly given or from the nature of the grant of power." St. ex. rel.Teunas v. Kenosha County, 142 Wis.2d 498, 504, 418 N.W.2d 833
(1988) citing Town of Vernon v. Waukesha County, 102 Wis.2d 686,689, 307 N.W.2d 227 (1981)). However, the constitution does not prohibit the Legislature from exercising any control of the powers, duties, functions and liabilities of a sheriff as they existed at common law, and it may regulate many such matters, including the appointment and compensation of his deputies and other subordinates. See State ex rel. Milwaukee County v. Buech,171 Wis. 474, 177 N.W. 781 (1920). In this respect the sheriff derives his powers and duties from the same source as the county board, i.e., from the Legislature. 29 Op. Att'y Gen. 482, 484 (1940). The Legislature has, of course, exercised its authority by statute, including express statutory provisions for the selection and compensation of such county officials. See, for instance, secs. 59.15. 59.21 and 59.29, Stats. No provision is made for the type of arrangement you suggest.
Counties exercise considerable legislatively delegated authority to regulate their own organizational or administrative affairs. However, such power is subject to "the constitution and any enactment of the Legislature which is of statewide concern and which uniformly affects every county." See secs. 59.025, 59.026 and 59.07 (intro.), Stats. The maintenance of law and order encompassed in the jailer function involves just such an exercise of the sovereign power of the state. As explained in VanGilder v. Madison, 222 Wis. 58, 76, 267 N.W. 25, 268 N.W. 108
(1936): "The determination of other courts and a consideration of the fundamental reasons which underlie those determinations require us to hold that the preservation of order, the enforcement of law, the protection of life and property, and the suppression of crime are matters of state-wide concern." Counties, as governmental subdivisions of the state, "are merely agencies of the state in respect to the performance of these primary obligations of the state." Van Gilder, 222 Wis. at 75.See also Milwaukee County v. District Council 48, 109 Wis.2d 14,33, 325 N.W.2d 350 (Ct.App. 1982); Brown County v. H SSDepartment *Page 97 103 Wis.2d 37, 43, 307 N.W.2d 247 (1981); Dane County v. H SSDept., 79 Wis.2d 323, 329-30, 255 N.W.2d 539 (1977).
It is my opinion that the provisions of section 59.23 (1), describing the statutory responsibilities of the sheriff, his deputies and his jailer, not only implicate immemorial constitutional duties of the sheriff but also constitute a substantive legislative enactment "of statewide concern and which uniformly affects every county," within the meaning of sections 59.025 and 59.07 (intro.), which neither the sheriff nor the county board may augment by a contract to "privatize" the jailer function of the office of sheriff.
DJH:JCM *Page 98