MANITOWOC COUNTY, Plaintiff-Respondent,†

v.

LOCAL 986B, AFSCME, AFL–CIO, Defendant-Appellant.

Court of Appeals

*No. 90–2097. Oral argument March 26, 1991.—Decided June 26, 1991.*

(Also reported in 472 N.W.2d 600.)

911

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Bruce F. Ehlke* of *Lawton & Cates, S.C.,* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Mark Hazelbaker,* corporation counsel.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J.   The union appeals the circuit court's judgment holding that the Manitowoc County Sheriff was not bound by a collective bargaining agreement when he placed a deputy in a new position involving undercover drug investigation. Because we conclude that the sheriff created a new position involving duties that did not involve one of the constitutional powers of the sheriff, we reverse the judgment of the circuit court.

Deputy Elijah Humphreys was reassigned from patrol duty to undercover drug enforcement by the Manitowoc County Sheriff, acting through his second-in-command. The sheriff's department listed the assignment as temporary, to last from six months to three years. However, the assignment meant a vertical move for the deputy, giving him the title of detective and an increase in pay.

The union objected to the appointment. It claimed that the sheriff created a new position and awarded it to Deputy Humphreys without posting it, contrary to the terms of the collective bargaining agreement in effect between the union and the county.

The county responded that the sheriff's authority to assign deputies to the various phases of law enforcement derives from the Wisconsin Constitution and that the constitutional powers of the sheriff may not be abridged by a collective bargaining agreement. In the alternative, the county argued that temporary positions are not governed by the collective bargaining agreement.

The dispute was submitted to arbitration. The arbitrator found that, prior to the reassignment of Deputy Humphreys, no employee of the sheriff's department spent 100% of his or her time involved in drug investigations. The arbitrator concluded that the sheriff created a new position by having one employee perform drug investigation on a full-time basis with increased pay. The arbitrator found no merit to the contentions that the assignment was temporary, since the collective bargaining agreement between the parties defined "temporary" as a time period not to exceed six months, even if it is of limited duration. Thus, the arbitrator concluded that the sheriff's failure to post the position violated the bargaining agreement.

The county appealed and the circuit court vacated the arbitration award. The court concluded that "law enforcement" and "preserving the peace" are among the constitutional powers of the sheriff. The court reasoned that the sheriff's authority to assign an individual to a particular job within his law enforcement or peace-preserving responsibilities is constitutionally reserved to the sheriff and cannot be regulated by a collective bargaining agreement. The court concluded that no defer-

ence was owed to the arbitrator's decision because it enforced an agreement that is void as against the public policy of upholding the constitutionally protected powers of the sheriff.

■

The issue before us is whether criminal investigation is a distinctive responsibility of the sheriff that is reserved to the sheriff's office by the Wisconsin Constitution. We certified this appeal to our supreme court, but the certification was denied. The appeal presents us with a question of constitutional law which we review *de novo* without deference to the circuit court. *See McManus v. DOR,* 155 Wis. 2d 450, 454, 455 N.W.2d 906, 907 (Ct. App. 1990).

In 1870, the Wisconsin Supreme Court concluded that the office of sheriff is a constitutional office with characteristic duties and functions that may not be regulated by the legislature. *State ex rel. Kennedy v. Brunst,* 26 Wis. 412, 414–15 (1870). In 1920, the supreme court concluded that the constitutional prerogatives of the sheriff extend only to "immemorial principal and important" duties of the sheriff or to power or authority that gave character or distinction to the office at common law. *See State ex rel. Milwaukee County v. Buech,* 171 Wis. 474, 482, 177 N.W. 781, 784 (1920).

*Brunst* held that custody of the county jail was one of the sheriff's constitutional duties. *Brunst,* 26 Wis. at 414. *Buech* held that the appointment of deputies was not a power or authority that gave character and distinction to the sheriff's office at common law. *Buech,* 171 Wis. at 482, 177 N.W. at 784. Therefore, in appointing deputies, the sheriff was bound to follow the civil service system established by the legislature. *Id.* at 481, 177 N.W. at 784.

915

In 1982, the supreme court was presented with the question of whether the *assignment* rather than the *appointment* of deputies was a constitutional prerogative of the sheriff. *Wisconsin Professional Police Ass'n v. County of Dane,* 106 Wis. 2d 303, 312, 316 N.W.2d 656, 660 (1982) *(WPPA I). WPPA I* concerned the assignment of deputies to duties as "court officers." In addressing this question, the court refused to focus on the action of the sheriff in *assigning* deputies. *WPPA I,* 106 Wis. 2d at 312, 316 N.W.2d at 660. Instead, the court focused on the nature of the job assigned and concluded that "attendance on the court" is one of the constitutional duties of the sheriff. *Id.* at 312–13, 316 N.W.2d at 660–61. However, it also concluded that not all "court officers" perform duties that are among those constitutionally preserved to the sheriff and that a sheriff must abide by the terms of a collective bargaining agreement when assigning "court officers" who are not performing the sheriff's constitutional duty of "attendance on the court." *Id.* at 319, 313, 316 N.W.2d at 663, 661.

The court of appeals carried *WPPA's* conclusion a step further in *Wisconsin Professional Police Ass'n v. Dane County,* 149 Wis. 2d 699, 439 N.W.2d 625 (Ct. App. 1989) *(WPPA II).* There, we concluded that when a collective bargaining agreement deals with an area of employment that concerns one of the sheriff's constitutionally protected duties, an arbitrator's decision ordering a sheriff to comply with the terms of the collective bargaining agreement is void. *Id.* at 701, 439 N.W.2d at 626.

In the instant case, the circuit court relied on *WPPA I's* conclusion that the nature of the job assigned determines whether a collective bargaining agreement can bind a sheriff. The circuit court considered drug investigation as falling under the sheriff's broad powers

to "enforce the law" and "preserve the peace." The circuit court concluded that these were constitutional duties of the sheriff because *Brunst* acknowledged that "the duty of conserving the public peace" was one of the sheriff's duties, *Brunst,* 26 Wis. at 414, and *WPPA I* found "attendance on the court" to be a protected duty, *WPPA I,* 106 Wis. 2d at 313, 316 N.W.2d at 661. The circuit court equated attendance on the court with law enforcement. It then concluded that "investigation" is an "essential element" of the sheriff's duty to preserve the peace and enforce the laws. Having thus concluded that the collective bargaining agreement did not apply to the sheriff's assignment of Deputy Humphreys because the assignment concerned a constitutionally protected duty of the sheriff, the circuit court used *WPPA II* to overcome the standard of review requiring a court's deference to an arbitrator's award. *See WPPA II,* 149 Wis. 2d at 704, 439 N.W.2d at 627.

We conclude that the circuit court ignored the holding of *Buech* and overextended the holdings of *Brunst* and *WPPA I* by interpreting them too broadly. The narrow holding of all three cases is that the constitutional prerogatives of the sheriff are limited to the immemorial, principal and important duties of the sheriff that were unique to the office of sheriff at common law and gave character and distinction to the office.

Applying that common holding to the facts of the instant case, we conclude that law enforcement and preserving the peace are not constitutional prerogatives of the sheriff's office because they were not unique to the office at common law. At common law, the sheriff shared the duty of conserving the peace with the watch and constable. *See WPPA I,* 106 Wis. 2d at 309, 316 N.W.2d

917

at 658; 16A E. McQuillin, *The Law of Municipal Corporations,* sec. 45.06a (rev. 3d ed. 1984).

If enforcing the law and preserving the peace were constitutional prerogatives, then there would be no duty of the sheriff that is not constitutional. Everything the sheriff does can be characterized as enforcing the law or preserving the peace. Yet, *Brunst, Buech* and *WPPA I* clearly contemplated nonconstitutional duties of the sheriff's office in addition to the constitutional duties. They viewed the sheriff's office as having a limited constitutional nature.

■

Moreover, an expansion of the sheriff's constitutional duties to encompass everything the sheriff does would weaken the strong legislative policy in this state favoring arbitration and collective bargaining in the municipal context. *See Joint School Dist. No. 10 v. Jefferson Educ. Ass'n,* 78 Wis. 2d 94, 112, 253 N.W.2d 536, 545 (1977). It would also weaken the policy of "substituting the merit for the spoils system." *See Buech,* 171 Wis. at 483–84, 177 N.W. at 784. If all the sheriff's duties are constitutional, then they cannot be subject to collective bargaining, arbitration, or even the civil service system.

■

We acknowledge that at common law the sheriff's authority in conserving the peace and vindicating the law was the highest authority in the county. *See WPPA I,* 106 Wis. 2d at 309, 316 N.W.2d at 658. However, being the highest authority is compatible with the concept of sharing that authority with others and does not *ipso facto* indicate that conserving the peace and vindicating the law were characteristic of or distinguished the office of sheriff. We must look to the nature of the particular job that conserves the peace or enforces the law to deter-

mine if it was always unique to the sheriff's office. *See id.* at 312, 316 N.W.2d at 660.

Investigation of crime is the particular job at issue in the case before us. We find no evidence that investigation of crime was unique to the sheriff's office at common law. In fact, our supreme court listed the sheriff's investigatory role of "detective" as a duty that is not "novel" to the sheriff but one "so old" that it is "easily forgotten or unappreciated." *Andreski v. Industrial Comm'n,* 261 Wis. 234, 240, 52 N.W.2d 135, 137–38 (1952). Thus, investigation of crime is an ancient duty of the sheriff but not a unique duty.

In the instant case, we note that the drug enforcement program was not unique to the sheriff's office. Deputy Humphreys was assigned to the county's Metro Drug Unit. The unit is a cooperative enforcement program involving the county and municipal police agencies. We see this as additional evidence that the particular assignment did not concern a duty that was unique to the office of sheriff.

Because all the reasons considered above indicate that Deputy Humphreys' assignment did not concern a constitutional duty of the sheriff, we conclude that the assignment was covered by the collective bargaining agreement.

The county also argues that Deputy Humphreys' assignment is not subject to the collective bargaining agreement because it was not a permanent position. However, under the terms of the collective bargaining agreement, all assignments over six months were permanent positions subject to the collective bargaining agreement. The duration of Deputy Humphreys' assignment

was six months to three years. Thus, the assignment was covered by the bargaining agreement even if the department had no intention of keeping Deputy Humphreys permanently in that position.

We reverse the judgment of the circuit court and reinstate the arbitration award.

*By the Court.*—Judgment reversed.